

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 16 2018
DOUGLAS F. YOUNG, Clerk
By_____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

| | |
|---|---|
| RONNIE HATTON )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>INGERSOLL RAND COMPANY LIMITED BENEFIT )<br>ADMINISTRATION COMMITTEE; )<br>JOHN AND JANE DOE 1-10 )<br>*Defendants* ) | Civil Action No. 18-2120 |

## COMPLAINT

COMES NOW Plaintiff, RONNIE HATTON (hereafter "Plaintiff"), by and through his attorney, G.E. Bryant III "Trae", of Bryant and Estell, LLC for his Complaint against Defendants, alleges and states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action arising under the Employee Retirement Income Security Act of

1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of Plaintiff to future benefits under such plan, to recover attorney fees and costs and obtain other relief as provide by applicable law.

2. That this action is correctly filed as one arising under the Employment Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*

3. That claims and allegations pursuant to Arkansas Law are not proper as this matter is controlled and proper under ERISA.

4. That should this action not arise under the Employment Retirement Income Security Act of 1974 (ERISE), as amended, 29 U.S.C. § 1001, *et seq.* that Plaintiff reserves the right to amend the Complaint for inclusion of additional State Law claims.

## II. JURISDICTION AND VENUE

5. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132 (a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. Pursuant to 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

7. Venue is proper in this District, pursuant to 29 U.S.C. §1132(e)(2), because the Plan as

hereinafter defined was administered in this District.

8. Venue is proper in this District as Plaintiff is a resident of Fort Smith, Sebastian County Arkansas.

9. That Plaintiff initially exhausted the administrative appeal process prior to retaining counsel and prior to this Court's Rulings in *Simms v The Trane Merged Hourly Pension Plan* Case No. 2:14-cv-02106, Doc. 25 (W.D. Ark. filed Sept 17, 2015) and *Betnar v. Ingersoll Rand Company Limited Benefit Administration Committee* Case No. 2:14-cv-02032, Doc. 18 (W.D. Ark. filed Oct 16, 2015), each ERISA cases dealing with the plan at issue here.

10. Upon discussion of Mr. Hatton's claim for benefits and the Court's decision in *Simms* and *Betnar* counsel for all parties agreed to allow the claimant to resubmit his claim for review consistent with the Court's rulings followed by an option to appeal if necessary and prior to litigation.

11. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials; All administrative avenues of appeal have been exhausted.

### III. PARTIES

12. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

13. The Plaintiff, Ron Hatton is a citizen and resident of the United States and Sebastian County, Arkansas and participated as an employee in The Trane Merged Hourly Pension Plan, amended and restated effective January 1, 2010 (hereinafter "Plan").

14. The proper defendant in this action is Ingresoll Rand Company Limited Benefit Administration Committee, as it controls the administration of the plan at issue. *See* footnote 1 of Order and Opinion in *Betnar v. Ingersoll Rand Company Limited Benefit Administration Committee* Case No. 2:14-cv-02032, Doc. 18 (W.D. Ark. filed Oct 16, 2015)

15. That upon information and belief there are additional Defendants that will be discovered through the discovery process and are currently identified as John and Jane Doe 1-100; Plaintiff will supplement and amend with any additional Defendants upon receipt of information identifying said Defendants

## IV. PLAINTIFF'S DISABLING DIAGNOSIS

16. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

17. Plaintiff is a male suffering from: degenerative disc disease of the cervical spine; uncontrolled diabetes mellitus type 2 requiring insulin; retinopathy; knee osteoarthritis with bi lateral knee pain with end stage osteoarthritis, limited range of motion, patellar tracking abnormality, sever joint space narrowing and subchondral sclerosis and osteophyte formation, right knee chondrocalcinosis of the meniscus, degenerative changes to the right patella femoral joint space with spurs of the patella superiorly and inferiorly; dyslipidemia; GERD; Gastric Ulcers; and hypertension among other medical conditions.

18. That Mr. Hatton has been approved for Social Security Benefits and continues to received said benefits

## V. THE ADMINISTRATIVE PROCESS

19. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

20. Plaintiff's request for benefits were denied based on the assertion that he was able to perform his regular occupation; Plaintiff timely appealed each denial with additional medical information and testing to support his claim for benefits

21. That Defendants ignored information and testing provided by treating physicians and experts and instead relied on biased opinions presented by their in-house reviewers and retained experts

22. To date, Plaintiff continues to receive regular care and treatment by medical professionals regarding conditions causing disability

23. Defendant(s) decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan based upon the substantial medical evidence in the possession of Defendant at the time of the denials. ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator discharge its duties in respect to discretionary claims processing solely in the interests of the participants and beneficiaries of the plan, and it underscores the particular importance of accurate claims processing by insisting that administrators provide a "full and fair review" of claim denials.

## VI. DEFENDANTS' CONFLICT OF INTEREST

24. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

25. At all relevant times, Defendants have been operating under an inherent and structural conflict of interest because, on the one hand, Defendants are liable for benefit payments due to Plaintiff and, on the other hand, each payment issued depletes Defendants' assets.

26. Defendants' determination was influenced by this conflict of interest.

27. Defendants pay substantial sums of money to its medical consultants and medical examinations to conduct reviews.

28. Because the medical consultants derive substantial income from performing file reviews for Defendants' insured's, the medical consultants have an incentive to provide file reviews that Defendants deem favorable in order to perform future file reviews for Defendants.

29. Here, Defendants based their denials on the opinion of medical consultants and examiners employed by Defendants who were operating under a conflict of interest.

30. Defendants also failed to take active steps to reduce potential bias and to promote accuracy of its benefit determinations.

## COUNT I

31. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

32. Defendants had no legal basis for denying Plaintiffs benefits.

33. Under the terms of the Plan, Defendants agreed to provide Plaintiff with certain disability benefits in accordance with the terms and conditions set forth.

34. To date, Defendants have failed and refused to pay Plaintiff the benefits rightfully entitled.

35. Defendant s determination that Plaintiff is not totally disabled within the meaning of the Plan

is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable and an abuse of discretion.

36. Defendants have financial conflicts of interest with respect to handling, monitoring, and eventually denying Plaintiffs disability benefits. Defendants have financial conflicts of interest, as both administrator of the Plan and the payor of benefits thereunder, when deciding to terminate Plaintiffs disability benefits.

37. Defendants engaged in unlawful behavior to deny Plaintiffs benefits, as evidenced by the following without limitation:

    a. Denying benefit payments to Plaintiff at a time when they knew that he was entitled to said benefits

    b. Unreasonably withholding payments from Plaintiff knowing the claim for benefits was valid;

    c. Unreasonably failing to pay benefits without having any evidence, substantial or otherwise, supporting its decision to deny benefits;

    d. Relying on non-examining physicians to deny a claim supported by the treating physician;

    e. Failing to assess the material and substantial duties of Plaintiff's regular occupation, as defined by the Plan, to include both exertional and non-exertional or cognitive demands;

    f. Selectively highlighting certain factors in medical or reviewing reports in order to cast a favorable light on its position, while ignoring the conclusions of Plaintiffs

treating physician regarding the conditions for which she render treatment;

g. Basing its denial on the opinions of medical consultants and examiners employed by Defendants and, therefore, operating under a conflict of interest;

h. Ignoring the opinion of Plaintiffs treating physician and/or misrepresented the opinions of Plaintiff s treating physicians whose opinion supported disability and was based on substantial evidence in the claim file;

i. Disregarding Plaintiffs treating physician's assessment of Plaintiffs medical conditions and how they restrict and limit him from performing his regular occupation or any occupation without any basis for doing so in violation of 29 C.F.R. §2560.503-l(h)(2)(iv);

j. Disregarding Plaintiffs subjective complaints, his own assessment of his medical condition, and how she is restricted and limited from performing work functions in violation of 29 C.F.R. §2560.503-l(h)(2)(iv);

k. Failing to provide a "full and fair review" as it was obligated to do pursuant to 29 C.F.R. §2560.503-1(h)(4);

l. Failing to maintain and utilize "reasonable claims procedures" as it was obligated to do pursuant to 29 C.F.R. §2560.503-l(b), in violation of ERISA; and

m. Consistently acting in their own corporate interests instead of those of the LTD Plan and its participants.

n. Failing to apply the correct definition of disability as outlined by the Court in *Simms* and *Betnar* and allowing reviewing experts to apply the incorrect

       definition within their reviews

38. Plaintiff has been forced to bring the instant action as a direct result of Defendants' unlawful denial and violations of the Plan and ERISA.

39. As a direct and proximate result of Defendants' failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about April 21, 2015 the present date.

40. Under 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future, as well as any other benefits and reimbursements that she may be entitled to by virtue of his entitlement to disability benefits under the Plan, including those related to life insurance, together with interest thereon.

## COUNT II

41. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

42. By reason of Defendants' failure to pay Plaintiff pension disability benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.

43. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), with interest thereon.

## COUNT III

44. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set

forth above or otherwise presented within this Complaint

45. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan and as defined by this Court in *Simms* and *Betnar*; that the medical reviewers and the Plan Administrator applied to incorrect standard and in violation of this Courts prior Orders and establishment of a disability definition

46. Plaintiff seeks the declaration of this Court that they met the Plan definition of disability and consequently they are entitled to all benefits from the Plan to which they might be entitled while receiving disability benefits, including continuation of life insurance coverage provided under the Plan, and reimbursement of all expenses and premiums paid for such benefits for the termination of benefits to the present, together with interest thereon.

47. In the alternative, Plaintiff seeks a remand for a determination of Plaintiffs claim consistent with the terms of the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. An award of benefits in the amount not paid to Plaintiff retroactive to the application for benefits, giving Defendant appropriate credit for benefits paid, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid;

2. Continuation of life insurance coverage provided under the Plan and all other benefits from the Plan to which Plaintiff might be entitled while receiving disability benefits, including reimbursement of all expenses and premiums paid for such benefits,

together with interest thereon.

3. Award statutory penalties that may be appropriate as allowed by law;

4. Clarifying and declaring that the Plan is obligated to pay Plaintiff past and further pension disability benefits in the future as required by the Plan;

5. Clarifying and declaring that the Plan must use the appropriate definition of disability in ALL reviews and determination of benefits for all members of the Plan

6. An order determining Plaintiff is entitled to future disability benefits so long as he remains disabled as defined in the Plan;

7. For reasonable attorney fees and costs incurred in this action; and

8. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,
RONNIE HATTON

By: _____
G. E. Bryant, III, "Trae, ABA# 2013050
Bryant & Estell, LLC
5 Court St.
Fort Smith, AR 72901
Phone No.: (479) 431-4900
Fax No.: (479225-9199
Email: trae@bryantestell.com